```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Charles McCoy,                       :

        Plaintiff,           :   Case No. 2:07-cv-0230

  v.                                 :   Judge WATSON

Kenneth W. Oswalt,                   :

        Defendant.           :

## REPORT AND RECOMMENDATION

    Plaintiff, Charles McCoy, a state prisoner, filed this action against Kenneth W. Oswalt, a prosecuting attorney from Licking County, Ohio.  The complaint is before the Court to conduct an initial screening pursuant to 28 U.S.C. §§1915(e)(2) and 1915A.  For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim and because it is frivolous within the meaning of those statutory sections.

    28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff

fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v.Gibson, 355 U.S. 41, 45-46 (1957).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A.  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

    The first claim in Mr. McCoy's complaint is entitled "compulsion."  According to that claim, Prosecutor Oswalt introduced a court-ordered psychiatric examination report prepared by Netcare in a judicial proceeding involving Mr. McCoy.  Mr. McCoy asserts that the use of that document "is an unlawful action prohibited by both Federal and State law."  This claim, however, is barred by the doctrine of prosecutorial immunity.

    As a general rule, prosecutors enjoy immunity from liability with respect to any acts associated with the position of prosecutor so long as such acts are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  As a policy

matter, a prosecutor, in order to perform that job independent of improper considerations, must be free from the threat of suits from those who are accused but not convicted. Otherwise, no limits could be placed on the ability of unhappy participants in the criminal process to harass a prosecutor and, ultimately, to cause the prosecutor to act simply in order to avoid the threat of future litigation, as opposed to vindicating the interests of the state in the independent exercise of prosecutorial judgment.

> "A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages."

Id. at 424-25.

Imbler did not define precisely the contours of prosecutorial immunity.  However, it is clear from Imbler that such immunity extends both to the prosecutor's decision to bring charges and his subsequent conduct of the case. Further, the immunity extends to the decision to file complaints, obtain an arrest warrant for a defendant, and conduct interrogation relating to the decision to prosecute.  Id. at 556-57.  The immunity also extends to "failing to disclose exculpatory and other information concerning witnesses, procuring false testimony, failing to correct perjured testimony, causing a conflict of interest for defense counsel, not disclosing that conflict,... putting a 'spy' in the defense camp, and 'covering up' those allegedly unconstitutional actions." Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986), cert. denied 481 U.S. 1048 (1987).  However, prosecutorial immunity does not extend to

3

acts taken in the prosecutor's administrative or investigative capacities.  See also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991).

Here, Mr. McCoy complains that a document allegedly protected by state or federal privacy laws was nevertheless introduced by Mr. Oswalt, a prosecutor, as an exhibit during the course of a criminal prosecution.  Clearly, presenting evidence of any type in a criminal proceeding is a "prosecutorial function" within the meaning of Imbler.  As the Supreme Court held, "in presenting the state's case, the prosecutor is immune from a civil suit for damages under §1983."  Imbler, 424 U.S. at 431.  The motivation of the prosecutor is irrelevant; "absolute immunity protects a prosecutor from §1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate."  Dory v. Ryan, 25 F.3d 81, 83 (2nd Cir. 1987).  The decision either to introduce psychological reports, or to suppress such reports, in prosecuting a criminal or quasi-criminal action is protected by prosecutorial immunity.  See, e.g., Katz v. New Hampshire Division of Children and Youth Services, 1994 WL 255230 (D.N.H. March 31, 1994).  Consequently, even if state or federal privacy laws prohibited the introduction of the document, because Mr. Oswalt presented the document in the discharge of his duties as a prosecutor and as an advocate for the state, he cannot be held liable under 42 U.S.C. §1983 for having done so.

The other claim set forth in Mr. McCoy's complaint is that Mr. Oswalt interfered with his civil rights by involving himself in some type of civil action in which Mr. McCoy was a party.  The nature of this involvement is not clear.  The only details which Mr. McCoy's complaint supplies are that the claim "stems from 2/28/'06" and that Mr. McCoy is making this claim against Mr. Oswalt "in his private capacity/individual capacity and against

4

him as a 'person' who was and is 'under the color of state law.'" Complaint at 5.

It is theoretically possible that a prosecuting attorney may act under color of law by appearing, testifying, or making some presentation to a court in a civil action, although the duties of a prosecuting attorney are typically limited to criminal prosecutions or to defending a county or county officials in civil actions involving the county. Nevertheless, in order for the Court to determine whether Mr. McCoy's complaint states a claim, it would be necessary for Mr. McCoy to plead exactly how Mr. Oswalt involved himself in the civil case, what action he took, and why that action violated some constitutional right of Mr. McCoy's. The complaint does not contain any information on those points.

Under the law prevailing in this circuit, when the district court screens a complaint filed by a prisoner, "the screening must occur even before process is served or the individual has had an opportunity to amend the complaint.... The complaint must be dismissed if it falls within the requirements of §1915(e)(2) when filed." McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997). Consequently, although it is conceivable that Mr. McCoy could supply these missing details by filing an amended complaint, the Court must screen the complaint he actually filed in order to determine whether it can survive an initial screening. The absence of any factual allegations which would state a claim under §1983 are fatal to Mr. McCoy's second claim. Consequently, that claim is also subject to dismissal.

Based upon the foregoing, it is recommended that this action be dismissed in its entirety. The dismissal of the first claim should be for failure to state a claim because of the bar of prosecutorial immunity, and the dismissal of the second claim should be based upon the frivolous nature of that claim given the

absence of any facts which would suggest a violation of 42 U.S.C. §1983.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge